LAW OFFICE OF DAVID M. HOFFMAN
David M. Hoffman, Esq. (DH1611)
15A New England Avenue
Summit, NJ 07901
(908) 608-0333 Fax: (908) 608-9050
dhoffman@david-hoffman-esq.com
Attorneys for Defendant-Counterclaimant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (Foley Square)

| | |
|---|---|
| MURRAY S. ALEXANDER<br><br>Plaintiff,<br><br>vs.<br><br>BIND-RITE UNION GRAPHICS, LLC,<br>a New Jersey Limited Liability Company d/b/a<br>Unimac Graphics,<br><br>Defendant-Counterclaimant. | Case No. 1:09-cv-5057 (GWG)<br><br>Civil Action<br><br>MEMORANDUM OF LAW<br>IN SUPPORT OF<br>DEFENDANT-COUNTERCLAIMANT'S<br>MOTION FOR SUMMARY JUDGMENT |

PROCEDURE

Discovery having been concluded, except for the receipt by Plaintiff of certain subpoenaed documents; the Court has directed that either pre-trial documents or Summary Judgment Motions be filed by February 24, 2010.

Defendant-Counterclaimant files this Motion for Summary Judgment seeking dismissal of Plaintiff's claim and judgment on its counterclaim.

FACTS

This matter involves a simple and straight-forward set of allegations; that Plaintiff Alexander (Alexander), employed as a salesman compensated by a draw against commissions, was short-changed by Defendant employer (Unimac) in the calculation of those commissions in respect to two printing jobs, one for McCann-Erikson and the other for Wunderman. Unimac is

a large commercial printer employing about 25 salespersons. See Paragraph 1 of the Affidavit of Susan Hurley dated February 22, 2010 filed herewith (Hurley Affidavit).

According to his initial Rule 26 disclosure, Plaintiff seeks $300,000 additional commissions for the McCann-Erikson job and $100,000 for the Wunderman job. However, after inspecting all relevant documents in Defendant's possession, totaling about 10,000 pages, Plaintiff has provided zero substantiating detail regarding his claims.

The Hurley Affidavit, by Unimac's Billing Manager for twenty years, clearly indicates that during his tenure as a salesman for Unimac Alexander never complained except for the McCann-Erikson job. This complaint was resolved to Alexander's satisfaction at a meeting attended by Alexander and the Company's President, with Alexander receiving an increase in his commission to 6% . See Hurley Affidavit Paragraphs 9-13.

Therefore, Alexander has no outstanding complaint that is substantiated by anything more than a bare allegation and demand for an unsubstantiated round figure of $400,000. Further, Unimac's counterclaim based on Alexander's overdraw is opposed by nothing more than a bare denial, with no substantiation of any claimed error in calculation which would reduce or eliminate that overdraw.

LAW

SINCE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT, UNIMAC IS ENTITLED TO DISMISSAL OF ALEXANDER'S CLAIMS AND JUDGMENT ON ITS COUNTERCLAIM.

It is clear in this case that there are no genuine issues of material fact. Alexander's claims are completely unsupported by documentary evidence or any indication of an error in

calculation in spite of his having received about 10,000 pages of documents.[1]  Further, there is uncontroverted evidence that there was an accord and satisfaction reached regarding the only commission calculation claim made by Alexander during his tenure at Unimac.  Hurley Affidavit Paragraph --.  This occurred on or about June of 2006, over a year before Alexander resigned in October of 2007.  See Hurley Affidavit Exhibit C  for 2006 and 2007.

The law is similarly clear that since there are no genuine issues of material fact in this case, Unimac is entitled to dismissal of Alexander's claims and judgment on its counterclaim.  Celotex v Catrett, 477 U.S. 317 (1986); Beard v Banks, 548 U.S. 521 (2006); Al-Zubaidy v TEK Industries, 406 F.3d 1030 (CA8 2005) at 1036 ("Evidence, not contentions, avoids summary judgment").  Cf. Authors' Commentary on Rule 56 at P. 1063, Federal Civil Rules Handbook, 2010, Baicker-McKee, Janssen, Corr; West.

## CONCLUSION

Alexander's claims should be dismissed and judgment entered in Unimac's favor on its counterclaim.

> Respectfully submitted,
>
> S/ David M. Hoffman
>
> David M.  Hoffman
> Attorney for Defendant

---

[1] We acknowledge that Alexander has not yet received documents subpoenaed from McCann-Erikson and Wunderman.  We have been informed that these documents should be received by on or about February 24, 2010.